| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: _____  District of  Delaware (State) | |
| Case number (*if known*): _____  Chapter  11 | ☐ Check if this is an amended filing |

Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**  LL Flooring Holdings, Inc.

2. **All other names debtor used in the last 8 years**  Lumber Liquidators Holdings, Inc.

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  2 7 - 1 3 1 0 8 1 7

4. **Debtor's address**

   **Principal place of business**
   4901 Bakers Mill Lane
   Number    Street

   _____

   Richmond           VA    23230
   City               State ZIP Code

   Henrico
   County

   **Mailing address, if different from principal place of business**
   _____
   Number    Street

   _____
   P.O. Box

   _____
   City          State  ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number    Street

   _____

   _____
   City          State  ZIP Code

5. **Debtor's website (URL)**  https://www.llflooring.com/

---

Official Form 201               Voluntary Petition for Non-Individuals Filing for Bankruptcy               page 1

Debtor    LL Flooring Holdings, Inc.  
        Name                                                                          Case number (*if known*)

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify:

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))  
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))  
☐ Railroad (as defined in 11 U.S.C. § 101(44))  
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))  
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))  
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))  
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)  
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)  
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

4  4  4  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7  
☐ Chapter 9  
☒ Chapter 11. *Check **all** that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No  
☐ Yes  District _____ When _____ Case number _____  
                                              MM / DD / YYYY

        District _____ When _____ Case number _____  
                                               MM / DD / YYYY

Debtor     LL Flooring Holdings, Inc.            Case number (*if known*)_____
         Name

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes    Debtor    See Annex 1      Relationship    Affiliate<br>           District    Delaware      When    Date hereof<br>                                                                   MM / DD / YYYY<br>           Case Number, if known    _____ |
|---|---|---|
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>                         Number        Street<br>                       _____<br>                       City            State       Zip Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes    Insurance agency _____<br>           Contact name _____<br>           Phone _____ |

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|---|
| 14. | **Estimated number of creditors** | ☐ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99           ☐ 5,001-10,000       ☒ 50,001-100,000<br>☐ 100-199        ☐ 10,001-25,000     ☐ More than 100,000<br>☐ 200-999 |

Debtor  LL Flooring Holdings, Inc.
        Name                                              Case number (*if known*)

| | | | |
|---|---|---|---|
| **15.** | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16.** | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/11/2024
             MM / DD / YYYY

✗  /s/ Holly Etlin                                          Holly Etlin
   Signature of authorized representative of debtor         Printed name

   Title   Chief Restructuring Officer

**18. Signature of attorney**

✗  /s/ Joseph O. Larkin                                     Date  08/11/2024
   Signature of attorney for debtor                               MM / DD / YYYY

   Joseph O. Larkin                                         Lisa Laukitis
   Printed name

   Skadden, Arps, Slate, Meagher & Flom LLP                 Skadden, Arps, Slate, Meagher & Flom LLP
   Firm name

   920 N. King Street                                       One Manhattan West
   Number    Street

   Wilmington, Delaware 19801                               New York, New York 10001
   City/State/ZIP

   (302) 651-3000                                           (212) 735-3290
   Contact phone

   Joseph.Larkin@skadden.com                                Lisa.Laukitis@skadden.com
   Email address

   4883                                                     Delaware
   Bar number                                               State

# ANNEX 1

## AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended, substantially contemporaneously with the filing of this petition.

|    | DEBTOR'S NAME | DEBTOR'S EIN |
|----|---------------|--------------|
| 1. | LL FLOORING HOLDINGS, INC. | 27-1310817 |
| 2. | LL FLOORING, INC. | 04-3229199 |
| 3. | LUMBER LIQUIDATORS LEASING, LLC | N/A |
| 4. | LL FLOORING SERVICES, LLC | 80-0505960 |
| 5. | LUMBER LIQUIDATORS FOREIGN HOLDINGS, LLC | 27-2574568 |

**LL FLOORING HOLDINGS, INC.**
**LL FLOORING, INC.**

Secretary's Certificate

The undersigned being the Secretary of LL Flooring Holdings, Inc., a Delaware corporation, and LL Flooring, Inc., a Delaware corporation (each a "Company" and, collectively, the "Companies"), does hereby certify as follows:

Attached hereto as **Annex A** is a true, correct, and complete copy of the joint resolutions duly adopted by the Boards of Directors of the Companies on August 11, 2024 (the "Resolutions"), and such Resolutions have not been modified or rescinded in whole, in part, or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in her capacity as Secretary of each Company has duly executed and caused this certificate to be delivered as of August 11, 2024.

LL Flooring Holdings, Inc.
LL Flooring, Inc.

By: _____
Name: Alice G. Givens
Title:   Secretary

**Annex A**

**RESOLUTIONS**
**OF**
**THE BOARDS OF DIRECTORS**
**OF**
**LL FLOORING HOLDINGS, INC. AND**
**LL FLOORING, INC.**

**August 11, 2024**

**WHEREAS**, all of the members of the Boards of Directors (each, a "Board") of LL Flooring Holdings, Inc., a Delaware corporation ("Holdings"), and LL Flooring, Inc., a Delaware corporation (each a "Company" and, collectively, the "Companies") have reviewed and considered (i) the filing of a voluntary petition for relief for each Company under the provisions of chapter 11 and title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") pursuant to applicable law and in accordance with the provisions of each Company's by-laws, articles of incorporation, or equivalent governing document, as applicable (the "Governing Document"), and applicable law (the "Restructuring Matters"); and (ii) the entry into and performance of a DIP ABL Agreement and other DIP ABL Documents (each as defined herein); and

**WHEREAS**, management of the Companies has been conducting a comprehensive process for the sale of the distribution center located in Sandston, Virginia (the "Sandston Property"); and

**WHEREAS**, management of the Companies has been conducting negotiations with the prevailing bidder for the potential sale of the Sandston Property, including negotiating a non-binding letter of intent (the "LOI"); and

**WHEREAS**, on August 7, 2024, the Board of Holdings authorized the continuation of negotiations for the sale of the Sandston Property and execution of the LOI if management of the Companies deemed it reasonable and appropriate; and

**WHEREAS**, on August 9, 2024 management of LL Flooring Services, LLC executed the LOI; and

**WHEREAS**, Thomas Sullivan, Jason Delves and Jill Witter (together, the "F9 Directors") resigned from the Board of Holdings, effective August 8, 2024; and

**WHEREAS**, pursuant to Section 1(a) of Article V of Holdings' Second Amended and Restated Certificate of Incorporation, "the business and affairs of the [Holdings] shall be managed by or under the direction of a [Board] consisting of not fewer than three individuals nor more than 15 individuals… the exact number of directors to be determined from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office"; and

**WHEREAS**, the Board of Holdings desires to reduce the size of Holdings' Board from nine (9) directors to six (6) directors following the resignation of the F9 Directors; and

2

**WHEREAS**, the Board of each Company has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company and the impact on each Company; and

**WHEREAS**, the Board of each Company has determined that that taking the actions set forth below are in the best interest of each Company, as applicable, and, therefore, desires to adopt, authorize, and approve the following resolutions.

**NOW, THEREFORE, BE IT:**

**Chapter 11 Filing**

**RESOLVED**, in the business judgment of the Board of each Company, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company files or causes to be filed a voluntary petition for relief (collectively the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in connection with the commencement of a chapter 11 case for each Company (each a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's Governing Documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions; and be it further

**RESOLVED**, any director, manager, or other duly appointed officer of each Company (collectively, the "Authorized Persons") shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Company or any of its subsidiaries' businesses; and be it further

**Regulatory Filings**

**RESOLVED**, that in order for Holdings to comply with all requirements under the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (the "Exchange Act") and any applicable state securities laws or requirements of the New York Stock Exchange, the Authorized Persons are authorized and empowered, on behalf of Holdings, with the assistance of counsel, to take all action necessary, appropriate or advisable to cause to be prepared, executed and filed, all reports, statements, documents and information related to Holdings' Chapter 11 Case required to be filed by the Holdings, and to take all other action necessary, appropriate or advisable in connection with the Exchange Act and any applicable federal or state securities laws or requirements of the New York Stock Exchange, including one or

more Current Reports on Form 8-K and notifications to the New York Stock Exchange.; and be it further

**Retention of Professionals**

**RESOLVED**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to employ on behalf of each Company: (i) the law firm of Skadden, Arps, Slate, Meagher and Flom LLP as counsel; (ii) Houlihan Lokey Capital, Inc. as investment banker, (iii) AlixPartners, LLP as financial advisors, (iv) Stretto, Inc. as claims and noticing agent, and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and be it further

**RESOLVED**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions; and be it further

**Debtor in Possession Financing**

**RESOLVED**, the Board of each Company has determined that, in connection with the Chapter 11 Cases, it is desirable and in the best interest of such Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of the incurrence of debtor-in-possession financing obligations ("DIP Financing") by entering into (i) that certain *Senior Secured Super-Priority Debtor-in-Possession Credit Agreement* (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "DIP ABL Agreement") by and among the Companies, Bank of America, N.A., as the administrative agent (in such capacity, the "DIP ABL Agent"), and the financial institutions from time to time party thereto and their successors and assigns (the "DIP ABL Lenders") and (ii) all other agreements, promissory notes, security, guaranty or collateral documents, notices, mortgages, financing statements, certificates, instruments or all other related documents constituting exhibits to, or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant or related to the DIP ABL Agreement (the foregoing, together with the DIP ABL Agreement, and in each case, collectively with any amendments, amendment and restatements, joinders, supplements, increases, extensions or other modifications thereto, each, a "DIP ABL Document" and collectively, the "DIP ABL Documents"); and be it further

**RESOLVED**, the Board of each Company has determined that it is in the best interests of such Company, its creditors, its stakeholders, and other interested parties, for such Company to (i) enter into the DIP ABL Agreement in substantially the form presented to the Board of such Company, (ii) consummate the transactions contemplated by the DIP ABL Agreement and other DIP ABL Documents, including borrowing and/or guaranteeing the full amount of the DIP

Financing, (iii) grant security interests in substantially all of the assets that now or hereafter come into the possession, custody or control of such Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP ABL Agreement, subject to exceptions and limitations to be set forth in orders approving the DIP Financing and related documents contemplated thereunder and (iv) empower, authorize and direct the Authorized Persons to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby; and be it further

**RESOLVED**, that the form, terms and provisions of the DIP ABL Agreement and other DIP ABL Documents are hereby, in all respects, authorized, ratified, approved and adopted by the Board of each Company on behalf of such Company; and be it further

**RESOLVED**, that the execution and delivery of the DIP ABL Agreement and other DIP ABL Documents by each Company that is a party thereto, the performance by such Company of its obligations thereunder and the consummation by such Company of the transactions contemplated thereunder be, and hereby is, authorized and approved in all respects; and be it further

**RESOLVED**, that the Authorized Persons of each Company, any one of whom may act without joinder of any of the others, be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP ABL Agreement and other DIP ABL Documents to which such Company is a party and to take all actions as any such Authorized Person, in his or her sole discretion, may deem necessary, desirable, convenient, advisable or appropriate (such acts to be conclusive evidence that such Responsible Officer deemed the same to meet such standard) in order to consummate the transactions contemplated by the DIP Financing Agreement or any other DIP ABL Document; and be it further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of each Company, to take all such further actions which any such Authorized Person, in his or her sole discretion, may deem necessary, desirable, convenient, advisable, proper or advisable to perform each Company's obligations under or in connection with the DIP ABL Agreements, other DIP ABL Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that the signature of any Authorized Person of any Company to the DIP ABL Agreement or any other DIP ABL Document shall be conclusive evidence of the authority of such Authorized Person to execute and deliver the DIP ABL Agreement or such DIP ABL Document to which such Company is a party; and be it further

**RESOLVED**, that any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the applicable Company enforceable in accordance with their terms; and be it further

**Ratification of Letter of Intent**

    **RESOLVED**, that the Board of each Company hereby ratifies in all respects the executed LOI; and be it further

**Size of the Board**

    **RESOLVED**, that the Board of Holdings hereby approves the reduction of the Board of Holdings' size from nine (9) directors to six (6) directors, effectively immediately; and be it further

**Further Actions and Prior Actions**

    **RESOLVED**, each Company is hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of such Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Company's interest therein (including, without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law); and be it further

    **RESOLVED**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents on behalf of each Company relating to the Restructuring Matters; and be it further

    **RESOLVED**, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

    **RESOLVED**, the Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waives any right to have received such notice; and be it further

    **RESOLVED**, all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement,

or certificate had been specifically authorized in advance by resolution of the Board of such Company; and be it further

**RESOLVED**, any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds, and other things as each Company itself may lawfully do, in accordance with the Governing Documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in his or her absolute and unfettered discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.  This consent may be executed in as many counterparts as may be required and all counterparts shall collectively constitute one and the same consent.

\* \* \*

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* **LL FLOORING HOLDINGS, INC.,** Debtor. | Chapter 11<br><br>Case No. 24-_____ (___) |

## ATTACHMENT TO VOLUNTARY PETITION FOR
## NON-INDIVIDUALS FILING FOR BANKRUPTCY UNDER CHAPTER 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-33767.

2. The following financial data is the latest available information and refers to the debtor's condition on July 31, 2024.

a. Total assets  $501,117,025

b. Total debts (including debts listed in 2.c., below)  $416,298,035

c. Debt securities held by more than 500 holders

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | None |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | None |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | None |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | None |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | None |

d. Number of shares of preferred stock    8,000,000[1]
e. Number of shares of common stock    35,000,000[2]

Comments, if any: None.

3. Brief description of the debtor's business: LL Flooring Holdings, Inc. (the "Company") is one of North America's leading specialty retailers of flooring. The Company carries a wide range of hard-surface floors and carpets in a range of styles and designs, and primarily sells to consumers or flooring focused professionals.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: F9 Investments, LLC/Thomas D. Sullivan/John Jason Delves (8.83%); Hotchkis and Wiley Capital Management LLC (5.58%); CRIMSON Asset Management Ltd. (6.30%); Cowen Financial Products LLC (5.30%); The Vanguard Group (5.29%).

---

[1]  8,000,000 preferred shares are authorized, but none are issued or outstanding.

[2]  35,000,000 shares of common stock are authorized; 31,616,680 shares are issued and 31,776,089 shares are outstanding.

Official Form 201A        Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **LL FLOORING HOLDINGS, INC.,** *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Pending) |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, LL Flooring Holdings, Inc. and certain of its affiliates, as the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), respectfully represent:

1. LL Flooring Holdings, Inc. is a publicly traded corporation. No entities have a direct or indirect ownership interest of 10% or more in LL Flooring Holdings, Inc.

2. LL Flooring Holdings, Inc. owns 100% of the equity interests in LL Flooring, Inc.

3. LL Flooring, Inc. owns 100% of the equity interests in Lumber Liquidators Leasing, LLC and LL Flooring Services, LLC.

4. LL Flooring Holdings, Inc. owns 100% of the equity interests in Lumber Liquidators Foreign Holdings, LLC.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **LL FLOORING HOLDINGS, INC.,** | Case No. 24-_____ (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of this chapter 11 case. By the *Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix in Lieu of Submitting a Separate Creditor Matrix for Each Debtor and Waiving Certain Creditor Matrix Requirements, (B) Omit Certain Customers From the Creditor Matrix, (C) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (D) Redact Certain Personal Identification Information, and (E) Serve Certain Parties in Interest by Email; (II) Establishing Procedures for Notifying Parties of the Commencement of These Cases; (III) Waiving the Requirement to File a List of Equity Security Holders; and (IV) Granting Related Relief*, filed contemporaneously herewith, Debtor LL Flooring Holdings, Inc. is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

## ORGANIZATIONAL CHART



Fill in this information to identify the case:

Debtor Name  LL Flooring Holdings, Inc., et al.

United States Bankruptcy Court for the District of  Delaware

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1. | Singapore Lioncore Industries Pte L 6 Raffles Quay #14-06, Raffles Quay, SG 048580, Singapore | Mr Ding, P: +86 158 6113 5888 E: ding@omivinyl.com | Intl Merchandise | | | | $7,216,295.54 |
| 2. | Ansen Technology Co., Ltd. Khan Khansong, Si Racha Chonburi, 22 20230, Thailand | Alex Tao, P: +86 180 1072 9888 E: alextao@sendabamboo.com | Intl Merchandise | | | | $7,128,159.09 |
| 3. | Welspun Global Brands Limited No-190 Village-Chandanvelly, Mandal-Shabad Ranga Reddy Telangana, 501503, India | Samuel Thomas P: +1 423 326 5550 E: thomass@welspunusa.com | Intl Merchandise | | | | $2,233,852.18 |
| 4. | Beasley Flooring Products Inc 712 Uvalda Hwy Hazlehurst, GA 31539 | Truss Beasley P: +1 912 253 3513 E: truss.beasley@beasleygroup.com | Domestic Merchandise | | | | $1,738,982.13 |
| 5. | AHF Products 3840 Hempland Rd Mountville, PA 17554 | Justin Hypnarowski P: +1 717 449 0378 justin.hypnarowski@ahfproducts.com | Domestic Merchandise | | | | $1,487,234.80 |
| 6. | Google Inc 1600 Amphitheatre Parkway In Mountain View, CA 94043 | Wilson Shaner P: +1 989 239 2168 E: wilsonshaner@google.com | Marketing | | | | $1,345,103.35 |
| 7. | Timberland Holding Ltd Rm. 1201-1202 Treasure Center, Kwun Tong, Kln 999077, Hong Kong | Andy Liu P: +86 138 25224003 E: andy@timberland.hk | Intl Merchandise | | | | $1,160,424.32 |

---

[1]  On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 8. | United Surface Solutions LLC<br>1996 Highway 225 S, Chatsworth, GA 30705 | Eric Erickson<br>P: +1 423 309 2520<br>E: eerickson@unitedsurfaces.com | Domestic Merchandise | | | | $1,102,101.75 |
| 9. | Zhejiang Yuhua Timber Co Ltd<br>No 38 Hengxing Rd Weitang St, Jiashan City Zhejiang Province Prc,  314100,  China | Eric Fan<br>P: +86 158 0037 9978<br>E: yuhuasales@foxmail.com | Intl Merchandise | | | | $1,083,315.39 |
| 10. | Greenview Floors International<br>201 Princeton Blvd, Adairsville, GA 30103 | Angie Liu<br>P: +1 770 324 9384<br>E: angie.liu@greenviewfloors.com | Domestic Merchandise | | | | $947,177.19 |
| 11. | Zhejiang Hailide Flooring Co. Ltd.<br>No 96 Haishi Road, Jianshan New Zon, Haining City, 130  314415,  China | Alston Shen<br>P: +86 134 5629 9096<br>E: sgh@halead.com | Intl Merchandise | | | | $918,219.64 |
| 12. | Mallfloor(M) Sdn Bhd<br>32400 Ayer Tawar, Lot 10967<br>Kampung Merbau, Per 10967,  Malaysia | Michael Liu<br>P: +86 139 0153 5998<br>E: michaelqiqi@vip.163.com | Intl Merchandise | | | | $909,214.35 |
| 13. | Zhejiang Gimig Technology Co Ltd<br>699 Shengli Road, Nanxun Town, Nanx, Huzhou City, Zhejiang Province,  313009,  China | Cathy Ma<br>P: +86 188 5722 0017<br>E: mayinger@giant.cn | Intl Merchandise | | | | $848,644.14 |
| 14. | Framerica<br>2 Todd Court,<br>Yaphank, NY 11980 | Josh Eichner<br>P: +1 516 818 7631<br>E: josh@framerica.com | Domestic Merchandise | | | | $779,508.04 |
| 15. | Bois Bsl Inc<br>1081 Industrielle C.P. 4, Mont-Joli, QC G5H 3K8,  Canada | Jean Philippe Jacques<br>P: +1 418 957 9444<br>E: jean-philippe.jacques@boisbsl.com | Intl Merchandise | | | | $752,832.56 |
| 16. | Mullican Flooring LP<br>655 Woodlyn Rd.<br>Johnson City, TN 37604 | Pat Oakley<br>P: +1 423 794 1103<br>E: poakley@mullicanflooring.com | Domestic Merchandise | | | | $731,347.85 |
| 17. | American Hardwood Industries LLC<br>567 N Charlotte Avenue<br>Waynesboro, VA 22980 | Dan Cumbo<br>P: +1 540 946 9150<br>E: dcumbo@ahiwood.com | Domestic Merchandise | | | | $666,495.09 |
| 18. | Wuxi Boda Bamboo & Wood Industrial<br>Taihua Industrial District A, Yixing, Jiangsu,  214235,  China | Maosong Jiang<br>P: +86 1330 1532 188<br>E: bodawang@yeah.net | Intl Merchandise | | | | $664,655.75 |
| 19. | KDF Co., Ltd<br>110-3 Sinbong-Gil, Yeongin-Myeon, Asan-Si Chungnam,  336-822,  South Korea | Young-il Kim<br>P: +82 10 9195 2365<br>E: terran012@naver.com | Intl Merchandise | | | | $648,333.66 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 20. | Bostik Inc<br>11320 W. Watertown Plank Road, Wauwatosa, WI 53226-3413 | Robert Williams<br>P: +1 203 666 9215<br>E: robert.williams@bostik.com | Domestic Merchandise | | | | $640,808.61 |
| 21. | Novalis Us Llc<br>200 Munakata Drive SE, Dalton, GA 30721 | John Wu<br>P: +1 416 561 0203<br>E: john.wu@novalis-intl.com | Domestic Merchandise | | | | $618,996.22 |
| 22. | Pennwood Products, Inc.<br>102 Locust St<br>East Berlin, PA 17316 | Kraig Coxon<br>P: +1 717 873 7927<br>E: kcoxon@pennwoodproducts.com | Domestic Merchandise | | | | $598,743.75 |
| 23. | Macon Hardwood LLC<br>1900-A Northside Crossing<br>Macon, GA 31210 | Justin Duke<br>P: +1 478 405 2293<br>E: justin@maconhardwood.com | Domestic Merchandise | | | | $585,383.66 |
| 24. | Huali Group Us LLC<br>3937 Old Federal Rd. North<br>Chatsworth, GA 30705 | Summer Turner<br>P: +1 615 785 8126<br>E: summer.turner@hualifloorsusa.com | Domestic Merchandise | | | | $560,649.65 |
| 25. | Metrie Inc<br>9051 Gas House Pike, Frederick, MD 21701 | Mike O'Brien<br>P: +1 410 423 2472<br>E: mike.obrien@metrie.com | Domestic Merchandise | | | | $528,331.36 |
| 26. | Triangulo Pisos E Paneis<br>Rua Chanceler Oswaldo Ara, Curitiba, PA 816301600, Brazil | Murilo Granemann<br>P: +1 757 474 5755<br>E: murilo@triangulo.com.br | Intl Merchandise | | | | $518,443.75 |
| 27. | WW Flooring Group LLC<br>6417 Deer Rd,<br>Syracuse, NY 13206 | Chantal Callahan<br>P: +1 207 592 6444<br>E: ccallahan@kennebeclumber.com | Domestic Merchandise | | | | $498,504.00 |
| 28. | Kronospan Usa LLC<br>810 Technology Drive, Barnwell, SC 29812 | Kyle Brown<br>P: +1 803 541 3489<br>E: kyle.brown@swisskrono.com | Domestic Merchandise | | | | $493,747.52 |
| 29. | Huzhou Kecheng Wood Co Ltd<br>Luohan Temple, Luohan Village, Huzhou City, 130 313011, China | Chrissy Cai<br>P: +86 139 1603 9617<br>E: chrissycai2@gmail.com | Intl Merchandise | | | | $481,235.71 |
| 30. | Ovative Group LLC<br>729 N Washington Ave Floor 10, Minneapolis, MN 55401 | Charlotte Ryan<br>E: charlotte.ryan@ovative.com<br><br>Jon Schoessow<br>E: jon.schoessow@ovative.com | Marketing | | | | $466,598.49 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | LL Flooring Holdings, Inc. |
| United States Bankruptcy Court for the: | District of Delaware (State) |
| Case number (If known): | |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/11/2024         **x** */s/ Holly Etlin*
          MM/DD/YYYY              Signature of individual signing on behalf of debtor

                                   Holly Etlin
                                   Printed Name
                                   Chief Restructuring Officer
                                   Position or relationship to debtor


Official Form 202     **Declaration Under Penalty of Perjury for Non-Individual Debtors**