**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **LL FLOORING HOLDINGS, INC.,** | Case No. 24-11680 (___) |
| **Debtor.** | |
| Fed. Tax Id. No. 27-1310817 | |
| *In re* | Chapter 11 |
| **LL FLOORING, INC.,** | Case No. 24-11682 (___) |
| **Debtor.** | |
| Fed. Tax Id. No. 04-3229199 | |
| *In re* | Chapter 11 |
| **LUMBER LIQUIDATORS LEASING, LLC,** | Case No. 24-11683 (___) |
| **Debtor.** | |
| Fed. Tax Id. No. N/A | |
| *In re* | Chapter 11 |
| **LL FLOORING SERVICES, LLC,** | Case No. 24-11684 (___) |
| **Debtor.** | |
| Fed. Tax Id. No. 80-0505960 | |

| | |
|---|---|
| *In re* <br><br> **LUMBER LIQUIDATORS FOREIGN HOLDINGS, LLC,** <br><br> **Debtor.** <br><br> Fed. Tax Id. No. 27-2574568 | Chapter 11 <br><br> Case No. 24-11685 (___) |

**MOTION OF DEBTORS FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT
ADMINISTRATION OF CASES; (II) WAIVING
THE REQUIREMENTS OF SECTION 342(c)(1)
OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 1005 AND 2002(n); AND (III) GRANTING RELATED RELIEF**

LL Flooring Holdings, Inc. and certain of its affiliates, as the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company"), respectfully represent as follows in support of this motion (this "Motion"):

**BACKGROUND**

1. On the date hereof (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. To date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed a creditors' committee in the Debtors' voluntary cases (collectively, the "Chapter 11 Cases"), nor has any trustee or examiner been appointed therein.

4. The Company is one of North America's leading specialty retailers of flooring. The Company carries a wide range of hard-surface floors and carpets in a range of styles and designs, and primarily sells to consumers or flooring focused professionals.

2

5. Additional factual background regarding the Company, including their business operations, corporate and capital structure, and the events leading up to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Holly Etlin in Support of Chapter 11 Petitions and First-Day Papers* (the "First Day Declaration"),[1] filed contemporaneously herewith and incorporated herein by reference.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order by the Court with respect to this Motion if it is later determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## RELIEF REQUESTED

8. By this Motion, pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code, Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1, the Debtors respectfully request entry of an order, (i) directing joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

1015-1, (ii) waiving the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), and (iii) granting related relief.

9. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Order").

## RELIEF REQUESTED SHOULD BE GRANTED

10. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are all "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

11. Additionally, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Bankr. D. Del. R. 1015-1.

12. As set forth in the First Day Declaration, joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and all parties in interest. Further, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative combination, and not substantive consolidation of the Debtors' estates. Thus, the Debtors submit that joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all parties in interest.

13. Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single, general docket for the Debtors' Chapter 11 Cases and to combine notices

to creditors and other parties in interest of the Debtors' respective estates. Joint administration will therefore ease the burden on the U.S. Trustee in supervising the Chapter 11 Cases.

14. No party will be prejudiced by the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

15. Finally, the Debtors submit that use of the proposed simplified caption will provide sufficient information to parties in interest and ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and the address of their corporate headquarters. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available including on the restructuring website maintained by the Debtors that is free to access, and will be provided by the Debtors upon request. Therefore, the Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

16. The Debtors respectfully request that the Court modify the caption of these Chapter 11 Cases to reflect joint administration as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **LL FLOORING HOLDINGS, INC.,** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-11680 (___) |

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

17. The Debtors further request the Court's direction that a notation substantially similar to the following be entered on the docket in each Debtors' Chapter 11 Case (other than the Chapter 11 Case of LL Flooring Holdings, Inc.) to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: LL Flooring Holdings, Inc.. Case No. 24-11680 (___); LL Flooring, Inc., Case No. 24-11682 (___); Lumber Liquidators Leasing, LLC, Case No. 24-11683 (___); LL Flooring Services, LLC, Case No. 24-11684 (___); and Lumber Liquidators Foreign Holdings, LLC, Case No. 24-11685 (___). The docket for LL Flooring Holdings, Inc., Case No. 24-11680 (___), should be consulted for all matters affecting these cases.

18. Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g.*, *In re Coach USA, Inc.*, No. 24-11258 (MFW) (Bankr. D. Del. June 13, 2024); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. Apr. 23, 2024); *In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. Apr. 9, 2024); *In re Joann Inc.*, No. 24-10418 (CTG) (Bankr. D. Del. Mar. 19, 2024); *In re MVK FarmCo LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Oct. 17, 2023); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 6, 2023); *In re Lannett Co., Inc.*, No. 23-

6

10559 (JKS) (Bankr. D. Del. May 4, 2023); *In re Kabbage, Inc. d/b/a/ KServicing*, No. 22-10951 (CTG) (Bankr. D. Del. Oct. 4, 2022); *In re Armstong Flooring, Inc.*, No. 22-10426 (MFW) (Bankr. D. Del. May 11, 2022).[2]

19. Based on the foregoing, the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these Chapter 11 Cases. Accordingly, the Court should authorize the relief requested herein.

## **RESERVATION OF RIGHTS**

20. Nothing in this Motion should be construed as (i) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (ii) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable nonbankruptcy law; (iii) a promise to pay any claim or other obligation; (iv) granting third party beneficiary status or bestowing any additional rights on any third party; or (v) being otherwise enforceable by any third party.

## **NOTICE**

21. Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Office of the United States Attorney for the District of Delaware; (vi) counsel to the DIP ABL Agent and the Prepetition ABL Agent; (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (viii) all

---

[2] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion, but are available on request.

parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m).  The Debtors submit that no other or further notice is required.

## **NO PRIOR REQUEST**

22.    No previous request for the relief sought therein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

The Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: August 11, 2024
       Wilmington, Delaware

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Joseph O. Larkin*
Joseph O. Larkin (I.D. No. 4883)
Jason M. Liberi (I.D. No. 4425)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Joseph.Larkin@skadden.com
Jason.Liberi@skadden.com

- and -

Lisa Laukitis (*pro hac vice* admission pending)
Shana A. Elberg (*pro hac vice* admission pending)
Elizabeth M. Downing (*pro hac vice* admission pending)
Angeline J. Hwang (*pro hac vice* admission pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Lisa.Laukitis@skadden.com
Shana.Elberg@skadden.com
Elizabeth.Downing@skadden.com
Angeline.Hwang@skadden.com

*Proposed Counsel to Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* <br><br> **LL FLOORING HOLDINGS, INC.,** <br><br> Debtor. <br><br> Fed. Tax Id. No. 27-1310817 | Chapter 11 <br><br> Case No. 24-11680 (___) |
| *In re* <br><br> **LL FLOORING, INC.,** <br><br> Debtor. <br><br> Fed. Tax Id. No. 04-3229199 | Chapter 11 <br><br> Case No. 24-11682 (___) |
| *In re* <br><br> **LUMBER LIQUIDATORS LEASING, LLC,** <br><br> Debtor. <br><br> Fed. Tax Id. No. N/A | Chapter 11 <br><br> Case No. 24-11683 (___) |
| *In re* <br><br> **LL FLOORING SERVICES, LLC,** <br><br> Debtor. <br><br> Fed. Tax Id. No. 80-0505960 | Chapter 11 <br><br> Case No. 24-11684 (___) |

| | |
|---|---|
| *In re* <br><br> **LUMBER LIQUIDATORS FOREIGN HOLDINGS, LLC,** <br><br> **Debtor.** <br><br> Fed. Tax Id. No. 27-2574568 | Chapter 11 <br><br> Case No. 24-11685 (___) |

**ORDER (I) DIRECTING JOINT
ADMINISTRATION OF CASES; (II) WAIVING
THE REQUIREMENTS OF SECTION 342(c)(1)
OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 1005 AND 2002(n); AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for an order (this "Order") (i) directing joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, (ii) waiving the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing");

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

and upon the First Day Declaration and the record of the Hearing; and all objections to the relief requested in the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-11680 (___). Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting any substantive consolidation of any of the Chapter 11 Cases.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **LL FLOORING HOLDINGS, INC.,** *et al.*, | **Case No. 24-11680 (___)** |
| Debtors.[1] | |

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

3

4. Each motion, application, and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of LL Flooring Holdings, Inc., Case No. 24-11680 (___).

5. A docket entry shall be made in each of the Chapter 11 Cases (other than the Chapter 11 Case of LL Flooring Holdings, Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: LL Flooring Holdings, Inc.. Case No. 24-11680 (___); LL Flooring, Inc., Case No. 24-11682 (___); Lumber Liquidators Leasing, LLC, Case No. 24-11683 (___); LL Flooring Services, LLC, Case No. 24-11684 (___); and Lumber Liquidators Foreign Holdings, LLC, Case No. 24-11685 (___). The docket for LL Flooring Holdings, Inc., Case No. 24-11680 (___), should be consulted for all matters affecting these cases.

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

7. The requirements under Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all papers filed and each notice mailed by the Debtors a footnote listing all of the Debtors, the last four digits of their respective tax identification numbers, and the address of their corporate headquarters.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.