**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **LL FLOORING HOLDINGS, INC.,** *et al.,* | **Case No. 24-11680 (BLS)** |
| Debtors.[1] | **(Jointly Administered)** |
|  | Related Docket No. [●] |

### ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES AND (B) ABANDON CERTAIN PROPERTY; (II) APPROVING PROCEDURES FOR (A) ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order") (i) authorizing the Debtors to (a) reject certain unexpired leases and (b) abandon certain property; (ii) approving procedures for (a) the assumption, assumption and assignment, and rejection of executory contracts and unexpired leases and (b) the abandonment of certain personal property; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United

---

[1]   The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568).  The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing; and all objections to the relief requested in the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated in Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Contracts and/or Leases listed on **Schedule 1** attached hereto are hereby rejected as of the applicable Rejection Date.

3.      The Debtors are authorized, but not directed, to abandon any abandoned property described on **Schedule 1**, and any Abandoned Property shall be deemed abandoned as of the Rejection Date.

4.      The following rejection procedures are approved with respect to the rejection of the Contracts and Leases (the "Rejection Procedures"):

(i)      ***Rejection Notice***. The Debtors shall file one (1) or more notices, substantially in the form attached hereto as **Exhibit 1** (the "Rejection

Notice") indicating the Debtors' intent to reject one (1) or more Contracts and/or Leases pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things, (a) the Contract(s) and/or Lease(s) to be rejected; (b) the Debtor(s) party to such Contract(s) and/or Lease(s); (c) the names and addresses of the counterparties to such Contract(s) and/or Lease(s) (each, a "Rejection Counterparty"); (d) the proposed effective date of rejection for the Contract(s) and/or Lease(s) (each, a "Rejection Date"), which for Leases shall be the later of (1) the proposed effective date of the rejection for such Lease as set forth in the Rejection Notice; (2) the date upon which the Debtors surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable; and (3) such other date as agreed between the Debtors and the applicable Rejection Counterparty or as the Court may order; (e) with respect to Leases, the Abandoned Property, if any, and a description thereof; (f) any known third parties having an interest in any property located at the premises subject to a rejected Lease, including personal property, furniture, fixtures, and equipment ("FF&E"); (g) a form of order (the "Rejection Order") authorizing the rejection of such Contract(s) and/or Lease(s) effective as of the Rejection Date (or such other date as agreed between the Debtors and the applicable Rejection Counterparty or as ordered by the Court); and (h) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts and/or Leases; *provided*, *that* the number of Rejection Counterparties listed on each Rejection Notice shall be limited to no more than 100.

(ii) ***Service of the Rejection Notice***. The Debtors will cause each Rejection Notice to be served: (a) via email, if known, and by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract(s) and/or Lease(s) (and upon such Rejection Counterparty's counsel, if known) and all known parties who may have any interest in the Abandoned Property and (b) by first class mail, email, or fax upon (i) the U.S. Trustee; (ii) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Office of the United States Attorney for the District of Delaware; (vi) counsel to the DIP ABL Agent and the Prepetition ABL Agent; (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002; (viii) counsel to the Committee; and (ix) all parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m) (the "Notice Parties") (collectively, the "Rejection Notice Parties").

(iii) ***Objection Procedures***. Any party objecting to a proposed rejection or to the Debtors' proposed abandonment of the Abandoned Property must file

and serve a written objection[3] so as to actually be received by the following parties no later than seven (7) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"): (i) the Debtors, c/o LL Flooring Holdings, Inc., 4901 Bakers Mill Lane, Richmond, VA 23230, Attn.: Alice Givens; (ii) proposed counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 920 North King Street, Wilmington, Delaware 19801, Attn.: Joseph O. Larkin (Joseph.Larkin@skadden.com) and Jason M. Liberi (Jason.Liberi@skadden.com), and One Manhattan West, New York, New York 10001, Attn.: Lisa Laukitis (Lisa.Laukitis@skadden.com), Elizabeth M. Downing (Elizabeth.Downing@skadden.com), and Angeline J. Hwang (Angeline.Hwang@skadden.com); (iii) counsel to the DIP ABL Agent and the Prepetition ABL Agent, (a) Morgan Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Christopher L. Carter (christopher.carter@morganlewis.com) and (b) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Kurt F. Gwynne (KGwynne.@ReedSmith.com); (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) counsel to any statutory committee appointed in these Chapter 11 Cases, including the Committee (collectively, the "Objection Service Parties").

(iv)     ***No Objection Timely Filed***.  If no objection to the rejection of a Contract or Lease listed in a Rejection Notice is timely filed, such Contract or Lease shall be rejected as of the applicable Rejection Date or such other date as the Debtors and the applicable Rejection Counterparty agree or as ordered by the Court; *provided*, *however*, *that* the Rejection Date for a Lease shall not occur until the later of (a) the applicable Rejection Date and (b) the date the Debtors relinquish control of the applicable premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and either (1) turning over keys, key codes, and security codes, if any, to the landlord or (2) notifying the landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.  If no objection is filed and served by the Rejection Objection Deadline, the Debtors shall file the Rejection Order with the Court under a certificate of counsel.

(v)     ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, the applicable Contract(s) and/or

---

[3]     An objection to the rejection of any Contract(s) or Lease(s) shall not constitute an objection to the rejection of any other Contract(s) or Lease(s) listed on the same Rejection Notice.

Lease(s) shall be rejected as of the applicable Rejection Date, such other date as agreed between the Debtors and the applicable Rejection Counterparty, or as ordered by the Court.

(vi)     ***<u>No Application of Security Deposits</u>***.  With respect to Leases, if the Debtors have deposited monies with a landlord (or other applicable Rejection Counterparty) as a security deposit or similar arrangement, the applicable landlord (or other applicable Rejection Counterparty) may not set off or recoup or otherwise use such deposit to reduce its rejection damages, if any, without the prior approval of the Court, unless the Debtors and the applicable landlord (or other applicable Rejection Counterparty) otherwise agree.

(vii)    ***<u>Proofs of Claim</u>***.  Claims arising out of the rejection of Contracts and Leases, if any, must be filed on or before the later of (a) the general bar date for filing proofs of claim established in the Chapter 11 Cases, if any, and (b) thirty (30) days after the later of (1) if no objection is timely filed, the Rejection Objection Deadline and (2) if an objection is timely filed, the date that such objection has either been overruled or withdrawn.  If no proof of claim is timely filed, the applicable Rejection Counterparty shall be forever barred from asserting a claim for damages arising from the rejection of the applicable Contract(s) and/or Lease(s) and from participating in any distributions on account of such claim that may be made in these Chapter 11 Cases.

5.      The following assumption and assumption and assignment procedures are approved with respect to the assumption and assumption and assignment of the Contracts and Leases (the "<u>Assumption and Assignment Procedures</u>"):

(i)      ***<u>Assumption Notice</u>***.  The Debtors shall file a notice, substantially in the form attached hereto as **<u>Exhibit 2</u>** (the "<u>Assumption Notice</u>"), indicating their intent to assume or assume and assign a Contract(s) and/or Lease(s) pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (a) the Contract(s) and/or Lease(s) to be assumed or assumed and assigned; (b) the Debtor(s) party to such Contract(s) and/or Lease(s); (c) the names and addresses of the counterparties to such Contract(s) and Lease(s) (each, an "<u>Assumption Counterparty</u>"); (d) the identity of the proposed assignee of each such Contract and/or Lease (the "<u>Assignee</u>"), if applicable; (e) the effective date of the assumption for each such Contract and/or Lease (the "<u>Assumption Date</u>"); (e) the proposed cure amount, if any for each such Contract and/or Lease; (f) a description of any material amendments to each such Contract and/or Lease made outside of the ordinary course of business; (g) a proposed form of order (the "<u>Assumption Order</u>") authorizing the assumption or assumption and assignment as of the Assumption Date (or such other date to which the

Debtors and the applicable Counterparty agree or as ordered by the Court); and (h) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts and/or Lease; *provided*, *that* the number of Assumption Counterparties listed on each Assumption Notice shall be limited to no more than 100.

(ii)     ***Service of the Assumption Notice***.  The Debtors will cause the Assumption Notice to be served (a) via email, if known, and by overnight delivery upon the Assumption Counterparties (and their counsel, if known) affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract or Lease and on each Assignee, if applicable; and (b) by first class mail, email, or fax upon the Notice Parties.

(iii)    ***Evidence of Adequate Assurance***.  With respect to the assumption or the assumption and assignment of Leases, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice via email, if known, and by overnight delivery upon the applicable Assumption Counterparties at the address set forth in the notice provision of the applicable Lease (and upon the Assumption Counterparties' counsel, if known, by email).  With respect to Contracts, the Debtors shall serve (by email, if requested) the applicable Assumption Counterparties with evidence of adequate assurance of future performance as soon as reasonably practicable upon such Assumption Counterparty's written request to the Debtors' proposed counsel.

(iv)     ***Objection Procedures***.  A party objecting to the proposed assumption or assumption and assignment of a Contract or Lease (including as to the proposed cure amount or evidence of adequate assurance of future performance) must file and serve a written objection[4] so as to actually be received by the Objection Service Parties no later than seven (7) days after the date the Debtors file and serve the relevant Assumption Notice.

(v)      ***No Objection***.  If no objection to the assumption (or assignment, if applicable) of a Contract or Lease is timely filed, such Contract or Lease shall be assumed as of the Assumption Date or such other date as agreed between the Debtors and the applicable Assumption Counterparty, and the proposed cure amount shall be binding on the relevant Assumption Counterparty and no amount in excess thereof shall be payable for cure purposes.  If no objection is filed and served by the Assumption Objection Deadline, the Debtors shall submit a proposed Assumption Order and file

---

[4]     An objection to the assumption and/or the assumption and assignment of any particular Contract(s) or Lease(s) listed on an Assumption Notice shall not constitute an objection to the assumption and/or assumption and assignment of any other Contract(s) or Lease(s) listed on such Assumption Notice.

such proposed Assumption Order with the Court under a certificate of counsel.

(vi)     ***Unresolved Timely Objection***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, the applicable Contract or Lease shall be assumed or assumed and assigned as of the Assumption Date or such other date as agreed between the Debtors and the Assumption Counterparty, or as ordered by the Court.

6.     The following procedures (the "<u>Abandonment Procedures</u>" and, together with the Rejection Procedures and the Assumption and Assignment Procedures, the "<u>Procedures</u>") are approved with respect to abandoning their personal property and FF&E that may be located on the leased premises that are subject to a rejected Lease (the "<u>Abandoned Property</u>"):

(i)     At any time on or before the applicable Rejection Date, the Debtors may remove or abandon any of the personal property or FF&E that may be located on the leased premises that are subject to a rejected Lease;

(ii)     The Debtors shall generally describe the Abandoned Property in the Rejection Notice;

(iii)     Absent a timely objection, any and all of the Debtors' personal property and FF&E located on the leased premises on the Rejection Date of the applicable rejected Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the applicable Rejection Date;

(iv)     Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or any third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; and

(v)     To the extent that the Debtors propose to abandon any personal property that, to their knowledge, contains "personally identifiable information," as that term is defined in section 101(41) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual, the Debtors shall remove such information from such personal property before such abandonment.

7.      In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract or Lease pursuant to the Assumption Procedures shall (i) be free and clear of (a) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (b) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) or Lease(s) (but only in connection with the assignment by the Debtor to the Assignee) (all of the foregoing, collectively, the "Encumbrances"); *provided*, *that*, any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a Lease, including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (ii) constitute a legal, valid, and effective transfer of such Contract or Lease and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts and Leases. For the avoidance of doubt, all provisions of the applicable assigned Contract or Lease, including any provision limiting assignment, shall be binding on the applicable Assignee.

8.      Subject to and conditioned upon the occurrence of the Assumption Date with respect to the assumption and assignment of any Contract or Lease, and subject to the other provisions of this Order (including the aforementioned Assumption and Assignment Procedures),

8

the Debtors are hereby authorized in accordance with sections 365(b) and 365(f) of the Bankruptcy Code to (i) assume and assign to any Assignee(s) the applicable Contract(s) and Lease(s); and (ii) execute and deliver to any applicable Assignee(s) such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract(s) and Lease(s).

9.      The Debtors' right to assert that any provisions in any Contract or Lease that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract or Lease to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

10.     No Assignee shall have any liability or obligation with respect to defaults relating to the assigned Contracts or Leases arising, accruing, or relating to a period prior to the applicable Assumption Date.

11.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

12.     The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments, if any, to the applicable Contract(s) and/or Lease(s) to be set forth in the applicable Assumption Notice(s).

13.     Approval of the Procedures and entry of this Order will not prevent the Debtors from seeking to reject or assume (or assume and assign) a Contract or Lease by separate motion.

14.     Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (i) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (ii) a promise to pay any claim or other obligation; (iii) granting third party beneficiary status or bestowing any additional rights on any third party; or (iv) being otherwise enforceable by any third party.

15.     All rights and defenses of the Debtors are reserved and preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the rejection of a Contract or Lease, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or in the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices and Rejection Orders, and the Assumption Notices and Assumption Orders.

17.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

18.     Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

19.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

20.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Schedule 1**

**Rejected Leases**

| Description of Contract or Lease | Debtor Counterparty | Rejection Counterparty (Name & Address) | Abandoned Property | Rejection Date |
|---|---|---|---|---|
| 1407 Terre Haute | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | Sansone Towne South Plaza LLC 120 S. Central Ave., Suite 500 St. Louis, MO 63105 | N/A | August 11, 2024 |
| 1435 Houston | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | Westheimer Shops 270 Commerce Dr. Rochester, NY 14623 | Display fixtures and product samples | August 24, 2024 |
| 1436 Clearwater | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | Brixmor/IA Clearwater Mall, LLC c/o Brixmor Property Group 200 Ridge Pike, Suite 100 Conshohocken, PA 19428 | Display fixtures and product samples | August 24, 2024 |
| 1009 San Leandro | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | PK I Fashion Faire Place, LP c/o Kimco Realty Corporation 500 N Broadway, Suite 201 P.O. Box 9010 Jericho, NY 11753 | N/A | August 11, 2024 |

| 1358 Stockton | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | College Square III LLC<br>PO Box 179<br><br>or<br><br>2008 Fairway Court<br>Woodbridge, CA 95258 | N/A | August 11, 2024 |
|---|---|---|---|---|
| 1169 Sioux Falls | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | Shirley Ave Partners LLC<br>150 E. 4th Pl. Ste. 600<br>Sioux Falls, SD 57104 | Display fixtures and product samples | August 26, 2024 |
| 1249 San Francisco | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | 3150 Geary Associates, LLC<br>10 Trophy Ct<br>Hillsborough, CA 94010 | N/A | August 11, 2024 |
| 1329 Corona | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | So McKinley, LLC c/o ShopOne Centers REIT, Inc.<br>10100 Waterville Street<br>Whitehouse, OH 43571 | N/A | August 11, 2024 |
| 1448 Rapid City | LL Flooring, Inc. (f/k/a Lumber Liquidators, Inc.) | Dana Rapid City LLC<br><br>Ken McCalla (Owner)<br>2255 N. Haines Ave.<br>Rapid City, SD 55701<br><br>Jim Stanek (Property Manager)<br>718 East St Andrews<br>Dakota Dunes, SD 57049 | N/A | August 11, 2024 |

## Exhibit 1

**Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **LL FLOORING HOLDINGS, INC.,** *et al.*, | **Case No. 24-11680 (BLS)** |
| **Debtors.**[14] | **(Jointly Administered)** |
| | **Obj. Deadline: [●], 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: To be determined**<br>**Related Docket No. [●]** |

## [FIRST] OMNIBUS NOTICE OF REJECTION OF
## CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
## LEASES AND ABANDONMENT OF PROPERTY RELATED THERETO

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACT(S) OR LEASE(S) ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that, on August 11, 2024 (the "Petition Date"), LL Flooring Holdings, Inc. and its debtor affiliates (collectively, the "Debtors"), each commenced with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases and (B) Abandon Certain Property; (II)Approving Procedures for (A) Assumption And Rejection Of Executory Contracts and Unexpired Leases and (B) Abandonment Of Certain Personal Property; and (III) Granting Related Relief* [Docket No. [●]] (the "Procedures Order").[15]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, to reject each contract and lease listed on **Schedule 1** attached hereto (the "Contracts and Leases"), effective as of (i) for Contracts: (a) the date set forth in **Schedule 1** (the "Rejection Date"); (b) such other date as you and the Debtors agree with respect to your Contract or Lease; or (c) such other date as may be ordered by the Court; and (ii) for Leases,

---

[14]   The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

[15]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

the later of (a) the Rejection Date set forth on **Schedule 1**; (b) the date upon which the Debtors surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable; (c) such other date as agreed by you and the Debtors with respect to your Lease; and (d) such other date as the Court may order.

      **PLEASE TAKE FURTHER NOTICE** that in accordance with Rule 9006-1 of the Local Bankruptcy Rules for the District of Delaware, any objections to the relief requested in the Procedures Order must be (i) made in writing; and (ii) filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served so as to be received on or before **4:00 p.m. (prevailing Eastern Time) on [●], 2024** (the "Objection Deadline"). Objections, if any, must be served upon each of the following parties: (a) the Debtors, c/o LL Flooring Holdings, Inc., 4901 Bakers Mill Lane, Richmond, VA 23230, Attn.: Alice Givens; (b) [proposed] counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 920 North King Street, Wilmington, Delaware 19801, Attn.: Joseph O. Larkin (Joseph.Larkin@skadden.com) and Jason M. Liberi (Jason.Liberi@skadden.com), and One Manhattan West, New York, New York 10001, Attn.: Lisa Laukitis (Lisa.Laukitis@skadden.com), Elizabeth M. Downing (Elizabeth.Downing@skadden.com), and Angeline J. Hwang (Angeline.Hwang@skadden.com); (c) counsel to the DIP ABL Agent and the Prepetition ABL Agent, (1) Morgan Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Christopher L. Carter (christopher.carter@morganlewis.com) and (2) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Kurt F. Gwynne (KGwynne.@ReedSmith.com); (d) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (e) counsel to any statutory committee appointed in these Chapter 11 Cases, including the Committee.

      **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, including to the proposed abandonment of any Abandoned Property, the rejection of each Contract and Lease shall become effective on the applicable Rejection Date or such other date as agreed between the Debtors and the applicable Rejection Counterparty/-ies or as may be ordered by the Court.[16] If no objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit a proposed order, substantially in the form attached hereto as **Exhibit A** (the "Rejection Order"), authorizing the rejection of any such Contract(s) or Lease(s) listed on **Schedule 1** effective as of the Rejection Date (or such other date as agreed between the Debtors and the applicable Rejection Counterparty/-ies or as ordered by the Court) and file such proposed Rejection Order with the Court under a certificate of counsel, and the Court may enter such order without a hearing.

      **PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract or Lease is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection. If such objection is overruled or withdrawn, the Debtors may file the proposed Rejection Order under a certification of counsel.

---

[16] An objection to the rejection of any particular Contract or Lease will not constitute an objection to the rejection of any other Contract(s) or Lease(s) listed in this Rejection Notice. Any objection to the rejection of any particular Contract or Lease must identify with specificity the Contract or Lease to which it is directed.

**PLEASE TAKE FURTHER NOTICE** that, if no objection to the rejection of a Contract or Lease included on **Schedule 1** hereto is timely filed, such Contract or Lease shall be rejected as of the applicable Rejection Date or such other date as the Debtors and the applicable Rejection Counterparty agree or as ordered by the Court; *provided*, *however*, *that*, the Rejection Date for a Lease shall not occur until the later of (a) the applicable Rejection Date and (b) the date the Debtors relinquish control of the applicable premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and either (1) turning over keys, key codes, and security codes, if any, to the landlord or (2) notifying the landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises. If no objection is filed and served by the Rejection Objection Deadline, the Debtors shall file the Rejection Order with the Court under a certificate of counsel.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if you hold any of the Debtors' monies as a security deposit or other arrangement, you may not set off or recoup or otherwise use such deposit to reduce your rejection damages, if any, without the prior approval of the Court, unless you and the Debtors otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any and all of the Debtors' personal property and FF&E located on the leased premises on the Rejection Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date or such other date as agreed between the Debtors and you with respect to such Lease or as may be ordered by the Court. A description of any proposed Abandoned Property is included in **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim on account of the Debtors' rejection of your Contract(s) or Lease(s), you must do so on or before the later of (i) the general bar date for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) thirty (30) days after the entry of the Rejection Order.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO SUBMIT A PROOF OF CLAIM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (I) ASSERTING A CLAIM FOR DAMAGES ARISING FROM THE REJECTION OF YOUR CONTRACT OR LEASE; AND (II) PARTICIPATING IN ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIM THAT MAY BE MADE IN THESE CHAPTER 11 CASES.**

*[Remainder of Page Intentionally Left Blank]*

Dated:  [●], 2024
        Wilmington, Delaware

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ DRAFT* _____
Joseph O. Larkin (I.D. No. 4883)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Joseph.Larkin@skadden.com

- and -

Lisa Laukitis (admitted *pro hac vice*)
Shana A. Elberg (admitted *pro hac vice*)
Elizabeth M. Downing (admitted *pro hac vice*)
Angeline J. Hwang (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Lisa.Laukitis@skadden.com
Shana.Elberg@skadden.com
Elizabeth.Downing@skadden.com
Angeline.Hwang@skadden.com

[*Proposed*] *Counsel to Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **LL FLOORING HOLDINGS, INC.,** *et al.*, | **Case No. 24-11680 (BLS)** |
| **Debtors.** [1] | **(Jointly Administered)** |
| | **Related Docket No. [●]** |

### [FIRST] OMNIBUS ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND (B) ABANDON CERTAIN PERSONAL PROPERTY; AND (II) GRANTING RELATED RELIEF

Pursuant to and in accordance with the *Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases and (B) Abandon Certain Property; (II) Approving Procedures for (A) Assumption And Rejection Of Executory Contracts and Unexpired Leases and (B) Abandonment Of Certain Personal Property; and (III) Granting Related Relief* [Docket No. [●]] (the "Procedures Order")[2] entered in these Chapter 11 Cases; and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice [Docket No. [●]] (the "Rejection Notice") of their intent to reject a certain unexpired Contracts and Leases identified on **Schedule 1** attached hereto in accordance with the terms of the Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

23.    The Contracts and/or Leases listed on **Schedule 1** attached hereto are hereby rejected as of the applicable Rejection Date for each such Contract or Lease.

24.    [The Debtors are authorized, but not directed, to abandon any Abandoned Property described on **Schedule 1**, and any Abandoned Property of the Debtors shall be deemed abandoned as of the Rejection Date.

25.    If applicable, landlords or their designees shall be authorized to dispose of any Abandoned Property without notice or liability to any Debtor or non-Debtor third party and without further order of the Court; *provided*, *that*, nothing in this Order authorizes the Debtors to abandon "personally identifiable information," as that term is defined in section 101(41) of the Bankruptcy Code and, prior to abandonment of any personal property, the Debtors shall remove or cause to be removed any such personally identifiable information in any of the Debtors' property to be abandoned or otherwise disposed of.]3

26.    Any proofs of claim for rejection damages or other related claims, if any, asserted by the Rejection Counterparties shall be filed on or before the later of (i) the applicable claims bar date established by the Court in these Chapter 11 Cases, if any, and (ii) thirty (30) days after entry of this Order.

27.    Nothing herein shall prejudice the rights of the Debtors to argue that (i) any of the Contracts and/or Leases were terminated prior to the Rejection Date; (ii) any claim for damages

---

3    [To be included if Leases are included on Schedule 1.]

arising from the rejection of any Contract or Lease is limited to the remedies available under the termination provision of such Contract or Lease; or (iii) any such claim is an obligation of a third party and not that of the Debtors or their estates.

28.    Nothing in this Order shall be deemed or construed as an approval of any assumption of any Contract or Lease pursuant to section 365 of the Bankruptcy Code.

29.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of any particular type; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

30.    Notice of the Rejection Notice is deemed good and sufficient notice of the relief requested therein.

31.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

32.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

34.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Schedule 1**

**Rejected Contracts and Leases**

| Description of Contract or Lease | Debtor Counterparty | Rejection Counterparty (Name & Address) | Abandoned Property | Rejection Date |
|---|---|---|---|---|
| | | | | |

**<u>Exhibit 2</u>**

**Assumption Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **LL FLOORING HOLDINGS, INC.**, *et al.*, | **Case No. 24-11680 (BLS)** |
| Debtors.[20] | **(Jointly Administered)** |
| | **Obj. Deadline: [●], 2024 at 4:00 p.m. (ET)** |
| | **Hearing Date: To be determined** |
| | **Related Docket No. [●]** |

### [FIRST] OMNIBUS NOTICE OF ASSUMPTION
### OR ASSUMPTION AND ASSIGNMENT OF CERTAIN
### EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACT(S) OR LEASE(S) ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that, on August 11, 2024 (the "Petition Date"), LL Flooring Holdings, Inc. and its debtor affiliates (collectively, the "Debtors"), each commenced with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE NOTICE** that on [●], 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases and (B) Abandon Certain Property; (II)Approving Procedures for (A) Assumption And Rejection Of Executory Contracts and Unexpired Leases and (B) Abandonment Of Certain Personal Property; and (III) Granting Related Relief* [Docket No. [●]] (the "Procedures Order").[21]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract and/or Lease set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of (i) the Assumption Date set forth in **Schedule 1**; (ii) such other date as agreed between you and the Debtors; or (iii) such other date as may be ordered by the Court and, with respect to any

---

[20]    The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568).  The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

[21]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

assigned Contracts or Leases, such assignment shall be to the applicable Assignee, if any, identified on **Schedule 1**.

PLEASE TAKE FURTHER NOTICE that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract or Lease, which, (i) with respect to Contracts, may be evidenced upon written request by the applicable Assumption Counterparty, thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance; and (ii) with respect to Leases, the Debtors shall cause evidence of adequate assurance of future performance to be served with this Assumption Notice via email, if known, and by overnight delivery upon the applicable Assumption Counterparties at the address set forth in the notice provision of the applicable Lease (and upon the Assumption Counterparties' counsel, if known, by email).

PLEASE TAKE FURTHER NOTICE that in accordance with Rule 9006-1 of the Local Bankruptcy Rules for the District of Delaware, any objections to the relief requested in the Procedures Order must be (i) made in writing; and (ii) filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served so as to be received on or before **4:00 p.m. (prevailing Eastern Time) on [●], 2024** (the "Objection Deadline"). Objections, if any, must be served upon each of the following parties: (a) the Debtors, c/o LL Flooring Holdings, Inc., 4901 Bakers Mill Lane, Richmond, VA 23230, Attn.: Alice Givens; (b) [proposed] counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 920 North King Street, Wilmington, Delaware 19801, Attn.: Joseph O. Larkin (Joseph.Larkin@skadden.com) and Jason M. Liberi (Jason.Liberi@skadden.com), and One Manhattan West, New York, New York 10001, Attn.: Lisa Laukitis (Lisa.Laukitis@skadden.com), Elizabeth M. Downing (Elizabeth.Downing@skadden.com), and Angeline J. Hwang (Angeline.Hwang@skadden.com); (c) counsel to the DIP ABL Agent and the Prepetition ABL Agent, (1) Morgan Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Christopher L. Carter (christopher.carter@morganlewis.com) and (2) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Kurt F. Gwynne (KGwynne.@ReedSmith.com); (d) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (e) counsel to any statutory committee appointed in these Chapter 11 Cases, including the Committees.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the assumption (and assignment, if applicable) of each Contract and Lease shall become effective on the applicable Assumption Date set forth in **Schedule 1** attached hereto, or such other date as agreed between the Debtors and the applicable Assumption Counterparty/-ies or as may be ordered by the Court.[22] If no objection is filed and served by the Assumption Objection Deadline, the Debtors shall submit a proposed order, substantially in the form attached hereto as **Exhibit A** (the "Assumption Order"), authorizing the assumption and assumption and assignment of any such Contract(s) or Lease(s) listed on **Schedule 1** effective as of the Assumption Date (or such other date

---

[22]   An objection to the assumption or assumption and assignment of any particular Contract or Lease will not constitute an objection to the assumption or assumption and assignment of any other Contract(s) or Lease(s) listed in this Assumption Notice. Any objection to the assumption or assumption and assignment of any particular Contract or Lease must identify with specificity the Contract or Lease to which it is directed.

as agreed between the Debtors and the applicable Assumption Counterparty/-ies or as ordered by the Court) and file such proposed Assumption Order with the Court under a certificate of counsel, and the Court may enter such order without a hearing.

**PLEASE TAKE FURTHER NOTICE** that the proposed Cure Amount with respect to each Contract and Lease is set forth in **Schedule 1** attached hereto.  If a written objection to the proposed Cure Amount is not timely filed, then the proposed Cure Amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption or assumption and assignment, as applicable, of any Contract or Lease is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) and/or Lease(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) and Lease(s) shall be assumed or assumed as assigned, if applicable, as of the Assumption Date set forth in **Schedule 1** attached hereto or such other date as agreed between the Debtors and the applicable Assumption Counterparty/-ies or as may be ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if no objection to the assumption (and assignment, if applicable) of a Contract or Lease is timely filed, such Contract or Lease shall be assumed or assumed and assigned as of the Assumption Date or such other date as agreed between the Debtors and the applicable Assumption Counterparty or otherwise ordered by the Court, and the Cure Amount shall be binding on the relevant Assumption Counterparty and no amount in excess thereof shall be payable for cure purposes.  If no objection is filed and served by the Assumption Objection Deadline, the Debtors shall file the proposed Assumption Order with the Court under a certificate of counsel.

*[Remainder of Page Intentionally Left Blank]*

Dated:  [●], 2024
      Wilmington, Delaware

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ DRAFT*
Joseph O. Larkin (I.D. No. 4883)
Jason M. Liberi (I.D. No. 4425)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Joseph.Larkin@skadden.com
Jason.Liberi@skadden.com

- and -

Lisa Laukitis (admitted *pro hac vice*)
Shana A. Elberg (admitted *pro hac vice*)
Elizabeth M. Downing (admitted *pro hac vice*)
Angeline J. Hwang (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Lisa.Laukitis@skadden.com
Shana.Elberg@skadden.com
Elizabeth.Downing@skadden.com
Angeline.Hwang@skadden.com

[*Proposed*] *Counsel to Debtors and Debtors in Possession*

## Exhibit A

**Proposed Assumption Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **LL FLOORING HOLDINGS, INC.,** *et al.*, | **Case No. 24-11680 (BLS)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | Related Docket No. [●] |

### [FIRST] OMNIBUS ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME OR ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF

Pursuant to and in accordance with the *Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases and (B) Abandon Certain Property; (II) Approving Procedures for (A) Assumption And Rejection Of Executory Contracts and Unexpired Leases and (B) Abandonment Of Certain Personal Property; and (III) Granting Related Relief* [Docket No. [●]] (the "Procedures Order")[2] entered in these Chapter 11 Cases; and the Debtors having properly filed with this Court and served on the Assumption Notice Parties a notice [Docket No. [●]] (the "Assumption Notice") of their intent to assume or assume and assign, as applicable, certain Contracts and Leases identified on **Schedule 1** attached hereto in accordance with the terms of the Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Assumption Notice; and the Court having found and determined

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568).  The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Contracts and/or Leases listed on **Schedule 1** attached hereto are hereby assumed or assumed and assigned, as applicable, as of the applicable Assumption Date for each such Contract or Lease.

2.      Upon the Assumption Date, (i) the Assignee shall be deemed to be substituted for the applicable Debtor as a party to the applicable Contract or Lease; and (ii) the applicable Contract or Lease shall be deemed valid, binding, in good standing, and in full force and effect in accordance with its terms.

3.      The cure amount (the "Cure Amount") to be paid with respect to each Contract or Lease shall be as set forth in **Schedule 1**. The Cure Amount shall be binding upon each applicable Assumption Counterparty for all purposes and shall constitute a final determination of the total Cure Amount required to be paid in connection with the assumption or assumption and assignment of the applicable Contract or Lease. The applicable Assumption Counterparty shall be forever (i) barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to the applicable Contract(s) or Lease(s), and the Debtors and, if applicable, Assignee shall be entitled to rely solely upon the Cure Amounts set forth in **Schedule 1**; and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, the Assignee, if applicable, or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the applicable Contract(s) and Lease(s), or that there is any objection or defense to the assumption or assumption and assignment of the Contract(s) and Lease(s).

4.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Contract(s) and/or Lease(s) to the Assignee(s) shall (i) be free and clear of (and no Assignee

31

shall assume, or in any way be liable or responsible for) (a) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (b) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, encumbrances, liabilities, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) or Lease(s) (all of the foregoing, collectively, the "Encumbrances"); *provided*, *that*, any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a Lease, including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (ii) constitute a legal, valid, and effective transfer of such Contract or Lease and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts and Leases. For the avoidance of doubt, all provisions of the applicable assigned Contract or Lease, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.    To facilitate the assumption and assignment of the assigned Contracts and Leases, all anti-assignment provisions in the assigned Contracts and/or Leases, whether such provisions expressly prohibit or have the effect of restricting or limiting assignment of such contract or lease, shall be unenforceable under section 365(f) of the Bankruptcy Code.

6.    Subject to and conditioned upon the assumption and assignment of any Contract or Lease, and subject to the other provisions of this Order, the Debtors are hereby authorized in

accordance with sections 365(b) and (f) of the Bankruptcy Code to (i) assume and assign to the applicable Assignee(s) the applicable Contract(s) and Lease(s); and (ii) execute and deliver to the Assignee(s) such assignment documents as may be reasonably necessary to sell, assign, and transfer the Contract(s) and Lease(s).

7.      No Assignee shall have any liability or obligation with respect to defaults relating to the applicable assigned Contract(s) and Lease(s) arising, accruing, or relating to a period prior to the Assumption Date.

8.      The Debtors are authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into any consensual amendments set forth in the Assumption Notice.

9.      The applicable Assignee(s) has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the applicable Contracts and Lease(s).  Each Assignee is a good faith purchaser of the applicable Contract(s) and Lease(s) within the meaning of section 363(m) of the Bankruptcy Code.

10.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors, other than the Cure Amount set forth on **Schedule 1**; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim, other than the Cure Amounts set forth on **Schedule 1**; (iv) an admission that any particular claim is of any particular type; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

11.     Notice of the Assumption Notice is deemed good and sufficient notice of the relief requested therein.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Schedule 1**

**Assumed Contracts and Leases**

| Description of Contract or Lease | Assumption Counterparty (Name & Address) | Debtor Counterparty | Assumption Date | Assignee | Cure Amount | Amendments |
|---|---|---|---|---|---|---|
| | | | | | | |