# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **LL FLOORING HOLDINGS, INC.,** *et al.*, | **Case No. 24-11680 (BLS)** |
| Debtors.[1] | **(Jointly Administered)** |
| | Related Doc. Nos. 13, 77 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) CONTINUE USING EXISTING CASH MANAGEMENT
SYSTEMS, BANK ACCOUNTS, AND BUSINESS FORMS AND (B) IMPLEMENT
CHANGES TO THEIR CASH MANAGEMENT SYSTEM IN THE ORDINARY
COURSE OF BUSINESS; (II) GRANTING A SUSPENSION WITH RESPECT TO THE
REQUIREMENTS OF 11 U.S.C. § 345(b); AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for an Interim Order and a final order (this "Final Order") (i) authorizing, but not directing, the Debtors to (a) continue using their existing Cash Management System, Bank Accounts, and Business Forms and (b) implement changes to their Cash Management System in the ordinary course of business; (ii) granting a suspension with respect to the requirements of section 345(b) of the Bankruptcy Code; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1]    The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

§ 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion on an interim basis and final basis (the "Hearings"); and upon the First Day Declaration and the record of the Hearings, and the Interim Order entered on August 14, 2024 [Docket No. 77]; and all objections to the relief requested in the Motion on a final basis, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.     The Motion is GRANTED on a final basis as set forth herein.

2.     The Debtors are authorized, but not directed to (i) continue operating the Cash Management System, substantially as identified on **Exhibit 1** attached hereto and as described in the Motion; (ii) make ordinary course changes to their Cash Management System; (iii) honor their prepetition obligations related thereto; (iv) use existing, preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession, provided that once the Debtors' existing stock of Business Forms have been exhausted, the Debtors shall, when reordering (or printing, in the event the Debtors or their agents print such forms themselves), include the "Debtor in Possession" legend and corresponding bankruptcy case

number on all such items; (v) continue to perform Intercompany Transactions; (vi) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit 2** attached hereto; (vii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (viii) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH Transfers, and other debits; and (ix) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts; provided that in the case of each of (i) through (ix), such action is taken in the ordinary course of business and consistent with past practice.

3.     The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with past practice, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH Transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such Banks are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order; provided that, subject to Paragraph 4 below, the Debtors shall only instruct or request any Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date as authorized by an order of the Court.

4.     The Banks are authorized to debit the Bank Accounts in the ordinary course of business, consistent with past practice, without the need for further order of this Court, for: (i) all

checks drawn on the Bank Accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the Bank Accounts with such Bank prior to the Petition Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

5.       Any existing deposit agreements between the Debtors, the Banks, and other parties shall continue to fully govern those parties postpetition relationships to the full extent of such agreements' terms, and, unless this Court orders otherwise, all of the provisions of such agreements, including, without limitation, the termination and fee provisions, rights, benefits, offset rights, and remedies afforded thereunder, shall remain in full force and effect. The Debtors and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that the Debtors shall provide prompt written notice to counsel to the Official Committee of Unsecured Creditors (the "Committee") and counsel to the DIP ABL Agent and the Prepetition ABL Agent of any such changes.

6.       The Debtors are authorized in the ordinary course and consistent with prepetition practices, to open new bank accounts, close any existing Bank Account, and enter into any ancillary agreements, including new deposit control agreements, related to the foregoing, as the Debtors may deem necessary and appropriate, subject to the terms and provisions of the Debtors'

agreements with the Banks, as applicable; *provided that* any such new account is with one of the Banks or with an institution that is a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute a Uniform Depository Agreement.  The Debtors shall provide written notice to the U.S. Trustee, Morgan, Lewis & Bockius LLP as counsel to the DIP ABL Agent and the Prepetition ABL Agent (each as defined in the DIP Motion and any orders approving such motion), and counsel to the Committee within five (5) days of the opening or closing of such account.  The relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account as if it had originally been listed on **Exhibit 2** to this Final Order, and to the bank at which such account is opened, which bank shall be deemed a Bank, in each case, pursuant to this Final Order.

7.     For the Banks that are party to a Uniform Depository Agreement, the Debtors shall as soon as possible (i) contact such Bank, (ii) provide such Bank with each of the Debtors' employer identification numbers, and (iii) identify each of their Bank Accounts held at such Bank as being held by a debtor in possession in the Debtors' Chapter 11 Cases and instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the lead case number included on the account title.

8.     For any Banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good faith efforts to cause the Bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Final Order and the U.S. Trustee's right to seek further relief from this Court if the aforementioned Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee is fully reserved.

9.      To the extent any of the Debtor Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until October 13, 2024 (thirty (30) days from September 13, 2024, the extended deadline to comply with section 345(b) as approved under the Interim Order), without prejudice to seek an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided that* nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the thirty-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

10.      All Banks that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Bank Accounts.

11.      The Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Bank Accounts in the ordinary course of business consistent with past practice.

12.      The Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

13.    Subject to the terms set forth herein, any bank, including the Debtors' current Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, transfer, or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court; and no such bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (i) at the direction of the Debtors, (ii) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (iii) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

14.    Any banks, including the Debtors' current Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold the Debtors' funds in accordance with the Debtors' instructions; *provided that* the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

15.    The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions in connection with the Cash Management System in the ordinary course of business, consistent with past practice, in accordance with the terms and conditions of the DIP Orders (as defined below), and subject to the requirements imposed on the Debtors by the DIP Orders, including the Budget (as defined in the DIP Orders); *provided, however*, that the Debtors shall provide reasonable prior written notice to Morgan, Lewis & Bockius LLP as counsel to the DIP ABL Agent and the Prepetition ABL Agent and counsel to the Committee of any Intercompany Transaction to a non-Debtor.  The Debtors shall maintain accurate and detailed records of all

Intercompany Transactions and any other transactions so that all transactions, including Intercompany Transactions, may be readily traced, ascertained, and distinguished between prepetition and postpetition transactions.  The Debtors shall make such records available upon request by the U.S. Trustee, Morgan, Lewis & Bockius LLP as counsel to the DIP ABL Agent and the Prepetition ABL Agent, or counsel to the Committee.

16.    In connection with the ongoing use of their Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash, including but not limited to, Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished including those between prepetition and postpetition transactions.  The Debtors shall make such records available upon request by the U.S. Trustee, Morgan, Lewis & Bockius LLP as counsel to the DIP ABL Agent and the Prepetition ABL Agent, or counsel to the Committee.

17.    The Debtors are authorized, but not directed, to continue using the Employee Credit Cards and the Employee Credit Card Program in the ordinary course of business and consistent with prepetition practices, including by paying prepetition and postpetition obligations outstanding with respect thereto, subject to the limitations of this Final Order and in accordance with the terms and conditions of the DIP Orders and subject to the requirements imposed on the Debtors by the DIP Orders, including the Budget (as defined in the DIP Orders).  For the avoidance of doubt, the Debtors are authorized to pay outstanding balances, charges, and fees due with respect to the Employee Credit Cards.  All obligations arising from the prepetition and postpetition usage of the Employee Credit Cards may be offset against the respective payments in the ordinary course of business without further Court order.  Any Bank may rely on the representations of the Debtors with respect to its use of the Employee Credit Cards and the Employee Credit Card Program, and

such Bank shall not have any liability to any party for relying on such representations by a Debtor as provided for herein.

18.     Any existing agreements between or among the Debtors and any Bank in respect of the Employee Credit Cards and the Employee Card Program shall continue to govern the postpetition relationship between the Debtors and such Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, rights, benefits, offset rights and remedies afforded under such agreements, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and such Bank may, without further order of this Court, agree to and implement changes related to the Employee Credit Cards or the Employee Card Program in the ordinary course of business, pursuant to the terms of those existing agreements, in accordance with the terms and conditions of the DIP Orders and subject to the requirements imposed on the Debtors by the DIP Orders including the Budget (as defined in the DIP Orders).

19.     Nothing contained in the Motion or this Final Order shall be construed to (i) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (ii) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

20.     Nothing contained herein shall permit the Banks to terminate any cash management services without thirty-days' prior written notice (or such other period as may be specified in any agreement between the Debtors and such Bank, which period shall control and govern termination of such cash management services notwithstanding anything herein to the contrary) to the Debtors,

the U.S. Trustee, Morgan, Lewis & Bockius LLP as counsel to the DIP ABL Agent and the Prepetition ABL Agent, and counsel to the Committee.

21.     Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor shall make such disbursements.

22.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

23.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

24.     Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Final Order.

25.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

26.    Nothing in the Motion or this Final Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (i) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (ii) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (iii) a promise to pay any claim or other obligation; (iv) granting third party beneficiary status or bestowing any additional rights on any third party; or (v) being otherwise enforceable by any third party.

27.    Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

28.    Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

29.    All time periods set forth in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

31.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

**Dated: September 4th, 2024**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**