IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| LL FLOORING HOLDINGS, INC., *et al.*, | Case No. 24-11680 (BLS) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket No. 408 |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM,
INCLUDING PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:

| Debtor | Case No. |
|---|---|
| LL Flooring Holdings, Inc. | 24-11680 |
| LL Flooring, Inc. | 24-11682 |
| Lumber Liquidators Leasing, LLC | 24-11683 |
| LL Flooring Services, LLC | 24-11684 |
| Lumber Liquidators Foreign Holdings, LLC | 24-11685 |

**PLEASE TAKE NOTICE THAT:**

On August 11, 2024 (the "Petition Date"), LL Flooring Holdings, Inc. and certain of its affiliates, as the debtors and debtors in possession (collectively, the "Debtors"), each commenced a case (these "Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On October 4, 2024, the Court entered an order [Docket No. 408] the ("Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file

---

[1]   The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "Section 503(b)(9) Claim").[2]

For your convenience, enclosed with this notice (this "Bar Date Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules. You may access the Schedules at the Debtors' restructuring website, https://cases.stretto.com/llflooring/court-docket/schedule-statements/.

As used in this Bar Date Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Bar Date Notice, the term "claim" means, as to or against the Debtors and pursuant to section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**I.    The Bar Dates**

Each entity that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original proof of claim substantially in the form attached to the Bar Date Order as Exhibit 1 or Official Form 410 by the deadlines set forth below:

(i)    **The General Bar Date**. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, **including Section 503(b)(9) Claims, are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Stretto, Inc. ("Stretto") by the General Bar Date,** *i.e.*, **by November 1, 2024, at 11:59 p.m. (prevailing Eastern Time)**. The General Bar Date applies to all types of claims against the Debtors that arose before the Petition

---

[2]    Section 503(b)(9) of the Bankruptcy Code provides:

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

2

        Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these Chapter 11 Cases.

    (ii)    **The Governmental Bar Date**.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date,** *i.e.*, **by February 7, 2025 at 11:59 p.m. (prevailing Eastern Time)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Stretto by the Governmental Bar Date.

    (iii)    **The Amended Schedules Bar Date**.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of the amendment to the Schedules.

    (iv)    **The Rejection Damages Bar Date**.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (a) the General Bar Date, and (b) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.  All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Stretto by the applicable Rejection Damages Bar Date.

## II.    Who Must File a Proof of Claim

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date must file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

(i) any entity whose claim against a Debtor is **_not_** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

(ii) any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

(iii) any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(iv) any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

### III.    Parties Who Do Not Need to File Proofs of Claim

Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need not file proofs of claims:

(i) any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

(ii) any entity whose claim is listed on the Schedules if: (a) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (b) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (c) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(iii) any entity whose claim has previously been allowed by order of the Court;

(iv) any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

(v) any Debtor having a claim against another Debtor;

(vi) any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(vii) any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to

ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies[3];

(viii)     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(ix)     any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

(x)     any entity holding a claim for which a separate deadline is fixed by this Court;

(xi)     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense incurred in the ordinary course; *provided* that any entity asserting a Section 503(b)(9) Claim must assert such claims by filing a proof of claim on or prior to the General Bar Date; and

(xii)     any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition ABL Parties, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 219] (the "Final DIP Order"); *provided* that, for the avoidance of doubt, the Prepetition ABL Parties shall not be required to file proofs of claim on account of any Prepetition ABL Obligations or DIP ABL Obligations (each as defined in the Final DIP Order); *provided further* that if the Prepetition ABL Parties elect to file a proof of claim, the Prepetition ABL Agent is authorized to file one master proof of claim with respect to all of the obligations under the Prepetition ABL Facility.

Any landlord counterparty of an unexpired non-residential real property lease who asserts a claim on account of unpaid rent due under such lease outstanding as of the Petition Date pursuant to such lease (other than a rejection damages claim) shall not be required to file a Proof of Claim for such amounts unless and until such unexpired leases have been rejected.

---

[3]     The Debtors reserve all rights with respect to any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

### IV. Instructions for Filing Proofs of Claims

The following requirements shall apply with respect to filing and preparing each proof of claim:

(i) **Contents**.  Each proof of claim must: (a) be written in English; (b) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 11:59 p.m. (prevailing Eastern Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (c) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (d) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(ii) **Section 503(b)(9) Claim**.  Any proof of claim asserting a Section 503(b)(9) Claim must also: (a) include the value of the goods delivered to and received by the Debtors in the twenty (20) days before the Petition Date; and (b) attach any documentation identifying the particular invoices for which the Section 503(b)(9) Claim is being asserted.

(iii) **Original Signatures Required**.  Only *original* proofs of claim (whether submitted by hard copy or through the Online Portal at https://cases.stretto.com/LLFlooring) will be deemed acceptable for purposes of claims administration.[4]  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(iv) **Identification of the Debtor Entity**.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against LL Flooring Holdings, Inc.

(v) **Claim Against Multiple Debtor Entities**.  Except as otherwise provided in the Final DIP Order, each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(vi) **Supporting Documentation**.   Each proof of claim must include supporting documentation pursuant Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation

---

[4] Proofs of claim submitted by hard copy may not be electronically signed unless otherwise agreed to in advance by the Debtors.

shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

(vii) **Timely Service**.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by: (a) electronically through the Online Portal at https://cases.stretto.com/LLFlooring by clicking on "File a claim," or (b) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail to**:

LL Flooring Holdings, Inc., et al. Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**If by Overnight Courier or Hand Delivery**:

LL Flooring Holdings, Inc., et al. Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(viii) **Receipt of Service**.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Stretto must submit (a) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (b) a self-addressed, stamped envelope.

V.  **Consequences of Failing to Timely File Your Proof of Claims**

Pursuant to the Bar Date Order and pursuant to Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

(i) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(ii) YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS.

**VI.**   **Reservation of Rights**

Nothing contained in this Bar Date Notice is intended to or should be construed as a waiver of the Debtors' right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

**VII.**   **The Debtors' Schedules and Access Thereto**

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Bar Date Notice.

**VIII.**   **Additional Information**

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these Chapter 11 Cases are available for inspection free of charge on Stretto's website at https://cases.stretto.com/LLFlooring. The Schedules and other filings in these Chapter 11 Cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, Inc., by calling the Debtors' restructuring hotline at:

(855) 314.5841 (Toll-Free) (U.S. & Canada) or (714) 716-1925 (International), or writing (i) via first class mail, to LL Flooring Holdings, Inc., et al. Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or (ii) via email to: TeamLLFlooring@stretto.com with a reference to "LL Flooring" in the subject line.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS BAR DATE NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

*[Remainder of Page Intentionally Left Blank]*