**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **LL FLOORING HOLDINGS, INC.,** *et al.*, | Case No. 24-11680 (BLS) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket No. 532 |

**NOTICE OF:**

**(I) APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS; AND**

**(II) THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On August 11, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

**I.    APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS**

1. On November 4, 2024, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation for LL Flooring Holdings, Inc. and Its Affiliated Debtors* (the "Disclosure Statement"), which was filed by the Debtors in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), on an interim basis for solicitation purposes only.

2. **Copies of the Disclosure Statement, the *Amended Joint Chapter 11 Plan of Liquidation for LL Flooring Holdings, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://cases.stretto.com/llflooring/, or upon request, including for paper copies, to the Debtors' claim and voting agent, Stretto, Inc., by (a) telephone at 1 (855) 314-5841 (toll free) or (b) email at TeamLLFlooring@stretto.com.**

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: LL Flooring Holdings, Inc. (0817); LL Flooring, Inc. (9199); Lumber Liquidators Leasing, LLC (N/A); LL Flooring Services, LLC (5960); and Lumber Liquidators Foreign Holdings, LLC (4568). The address of the Debtors' corporate headquarters is 4901 Bakers Mill Lane, Richmond, VA 23230.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## II. THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN

3. **Combined Confirmation Hearing**. A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801, on **December 18, 2024 at 11:00 a.m. (prevailing Eastern Time)**. The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

4. **Voting Deadline**. Only Holders of Claims in Class 3 (General Unsecured Claims) are entitled to vote to accept or reject the Plan. The deadline for the submission of such votes is **December 11, 2024 at 4:00 p.m. (prevailing Eastern Time)**.

5. **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Secured Claims) and Class 2 (Other Priority Claims) are presumed to accept the Plan. Holders of Impaired Claims in Class 4 (Subordinated Claims) and Interests in Class 5 (Interests) will receive no distribution under the Plan on account of such Claims or Interests and are deemed to reject the Plan. For avoidance of doubt, Class 4 (Subordinated Claims) and Class 5 (Interests) are not entitled to a recovery under the Plan. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, and Priority Tax Claims, as described in the Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Plan. The respective treatment of such unclassified Claims is set forth in Article II of the Plan.

6. **Objections to Confirmation**. Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern**

---

[3] The Notice Parties are: (a) the Debtors, c/o LL Flooring Holdings, Inc., 4901 Bakers Mill Lane, Richmond, Virginia 23230, Attn.: Alice Givens; (b) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001, Attn.: Lisa Laukitis (Lisa.Laukitis@skadden.com), Elizabeth M. Downing (Elizabeth.Downing@skadden.com), and Angeline J. Hwang (Angeline.Hwang@skadden.com); (c) co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Edmon L. Morton (emorton@ycst.com), Kenneth J. Enos (kenos@ycst.com), Elizabeth S. Justison (ejustison@ycst.com), and S. Alexander Faris (afaris@ycst.com); (d) counsel to the DIP ABL Agent and the Prepetition ABL Agent, (1) Morgan Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Christopher L. Carter (christopher.carter@morganlewis.com) and (2) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Kurt F. Gwynne (KGwynne.@ReedSmith.com); (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Rosa Sierra-Fox (Rosa.Sierra-Fox@usdoj.gov); and (f) counsel to the Committee, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Justin R. Alberto (jalberto@coleschotz.com), Patrick J. Reilly (preilly@coleschotz.com), Stacy L. Newman

**Time) on December 11, 2024**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING**:

**Releases by Holders of Claims.**  **As of the Effective Date, except as otherwise provided in the Plan or the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release each Released Party from any and all claims and Causes of Action, whether known or unknown, including any claims and Causes of Action that the Debtors or their Estates would have been legally entitled to assert in their own right including any claims or Causes of Action that could be asserted derivatively or on behalf of the Debtors (or their Estates), that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof, or otherwise), any securities issued by the Debtors and the ownership thereof, the Debtors' in- or out-of-court restructuring efforts, the payment or satisfaction of prepetition debt or claims, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents and pleadings related to the Sales, or agreement or document created or entered into in connection with the Sales, the DIP Orders and any related agreement, instruments, and other documents relating thereto, the Plan, the Plan Supplement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of the Confirmation Order, the pursuit of the Sale Orders, the conduct of the sale process, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place on or before the Effective Date;** *provided*, *however*, **that this provision shall not operate to waive or release any Claims or Causes of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (2) any obligations under or in respect of the Sale Orders or the APAs.**

**"Released Party" means each of, and in each case in its capacity as such: (a) the Debtors' and the Estates' Related Parties; (b) the Committee and its members; (c) the Prepetition ABL Agent and the Prepetition ABL Lenders; (d) the DIP ABL Agent and the DIP ABL Lenders; and (e) the Related Parties of each of the parties identified in clause (b)-(d) of this section I.83;** *provided*, *however*, **that the Debtors' current and former directors and officers shall not be Released Parties with respect to the Retained Causes of Action listed in the Plan**

---

(snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com).

**Supplement, which the Liquidating Trustee shall be entitled to pursue solely to the extent of any available insurance coverage for such Retained Causes of Action.**

"**Releasing Parties**" **means, in their capacities as such: (a) the Committee and its members; (b) all Holders of General Unsecured Claims who (i) vote to accept the Plan and "opt in" to the releases set forth in Article IX of the Plan, (ii) vote to reject the Plan and "opt in" to the releases set forth in Article IX of the Plan or (iii) abstain from voting on the Plan and "opt in" to the releases set forth in Article IX of the Plan, and (c) each Related Party of each Entity in clause (a) through (b), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (b).**

**Exculpation.  Except as otherwise specifically provided in the Plan, to the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action for any Claim related to any act or omission arising from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Debtors' in-court restructuring efforts, the Disclosure Statement, documents and pleadings related to the Sales, the DIP Orders and any related agreement, instruments, and other documents relating thereto, the Plan, the Plan Supplement, or any other restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sales, the Plan, the Plan Supplement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of the Confirmation Order, the pursuit of the Sale Orders, the conduct of the sale process, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place between the Petition Date and the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person, but in all respects such Entities shall be entitled to reasonably rely upon the written advice of counsel with respect to their duties and responsibilities pursuant to the Plan to the extent permitted under applicable law.**

"**Exculpated Party**" **or** "**Exculpated Parties**" **means, in each case in its capacity as such, (a) the Debtors; (b) the Estates; (c) the Committee and its members; (d) the Liquidating Trustee; and (e) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Debtors' Estates at any time between the Petition Date and the Effective Date of the Plan.**

**Injunction.  Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by a purchaser in connection with the Sales; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise discharged, satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any**

**claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Person or Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Liquidating Trust, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff (*i.e.*, a Proof of Claim or motion asserting such rights), and notwithstanding an indication of a Claim or Interest or otherwise that such Person or Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released, exculpated, or settled pursuant to the Plan.**

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtors, the Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.**

Please be advised that parties not entitled to vote on the Plan, *i.e.* Holders of Unimpaired Claims in Class 1 (Secured Claims) and Class 2 (Other Priority Claims) and Holders of Impaired Claims in Class 4 (Subordinated Claims) and Interests in Class 5 (Interests) have not granted the releases set forth in Article IX.B of the Plan unless that party separately agrees to provide such releases.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX THEREOF.**

Dated: November 5, 2024

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | */s/ Elizabeth S. Justison* |
| Lisa Laukitis (admitted *pro hac vice*) | Edmon L. Morton (I.D. No. 3856) |
| Elizabeth M. Downing (admitted *pro hac vice*) | Kenneth J. Enos (I.D. No. 4544) |
| Angeline J. Hwang (admitted *pro hac vice*) | Elizabeth S. Justison (I.D. No. 5911) |
| One Manhattan West | S. Alexander Faris (I.D. No. 6278) |
| New York, New York 10001 | Rodney Square |
| Telephone: (212) 735-3000 | 1000 North King Street |
| Lisa.Laukitis@skadden.com | Wilmington, Delaware 19801 |
| Elizabeth.Downing@skadden.com | Telephone: (302) 571-6600 |
| Angeline.Hwang@skadden.com | Facsimile: (302) 571-1253 |
| | emorton@ycst.com |
| | kenos@ycst.com |
| | ejustison@ycst.com |
| | afaris@ycst.com |
| *Counsel to Debtors and Debtors in Possession* | |
| | *Counsel to Debtors and Debtors in Possession* |